GUILLAUME REGIS v. MICHEL HÉBERT, Administrator.

The right of action on a letter of credit is prescribed by the lapse of ten years ; on account for moneys advanced it is prescribed by the lapse of three years.

The factor, agent, or correspondent, to whom a letter of credit is directed, and who furnishes the person named with the amount of money specified, stands in the relation of a drawee of a bill of exchange, to the merchant who gives said letter, and so soon as he advances or furnishes the amount of money specified, the letter of credit, like a bill of exchange paid by the drawee, becomes extinguished, and the right of action lies upon an account for moneys advanced, and not on the letter or order to furnish the money ; and it is barred by the lapse of three years.

APPEAL from the District Court of the Parish of Iberville, *Avery*, J.
 *Samuel Mathews*, for plaintiff. *Zenon Labauve*, for defendant and appellant.

LAND, J. This suit is founded on a letter of credit for the recovery of the sum of two thousand two hundred and forty-three dollars against the estate of *Thomas Mille*, deceased.

The plaintiff alleges that on the 27th day of May 1853, *Thomas Mille* was a partner in the commercial firm of *Degelos, Paisant & Co.*, domiciled and carrying on business in the city of New Orleans ; that on the day and year aforesaid the firm of *Degelos, Plaisant & Co.*, signed and delivered to one *Achille Fenille* a letter of credit addressed to *Mr. Frederic Bonis* of Paris, wherein they requested *Mr. Bonis* to beg of him, the plaintiff, to render said *Fenille* pecuniary assistance to the amount of two thousand, or twenty-five hundred dollars for the purpose of enabling him, *Fenille*, to purchase wines, &c. ; and that the firm added in their letter of credit that *Fenille* could pay the half, or the greater part of his purchases in cash, and at all events, provided the wines and other articles were consigned to their firm, they would be responsible for the amount remaining unpaid by *Fenille*.

. The plaintiff further alleges that he complied with the request contained in the letter of credit, and furnished *Fenille* with money to the amount of two thousand two hundred and forty-three dollars, and moreover, caused the wines purchased by him to be shipped from Bordeaux on the 12th of December 1853, and consigned to said firm at New Orleans as desired in their letter of credit, and that the wines thus consigned to the firm of *Degelos, Plaisant & Co.*, were received by them from the officers of the United States Custom House at New Orleans, after paying the customary duties thereon.

The plaintiff further alleges that said firm having failed to remit to him the amount advanced on the faith of their letter of credit, he drew on them in November 1854, a bill of exchange for the amount, as he was authorized to do, but that the said firm permitted his bill of exchange to be protested for non-acceptance, and also for non-payment.

The administrator of the estate of *Thomas Mille*, deceased, has pleaded to the action a general denial and also prescription.

The question which has been principally argued in this case by counsel, and the one on which the plea of prescription depends, is whether the plaintiff's right of action lies on the letter of credit, or whether it only lies on an account for moneys advanced at the special instance and request of the firm of *Degelos*,

*Plaisant & Co.* If the right of action is on the letter of credit, it is only pre- scribed by the lapse of ten years; but if it is on an account for moneys advanced, it is then prescribed by the lapse of three years, and was barred at the time of the commencement of this suit.

A special letter of credit is thus defined or rather described. The special letter of credit is when a merchant, at the request of any other man, doth write his open letter of credit, directed to his factor, agent or correspondent, giving him order to furnish such or such a man, by name, with such or such a sum of money, at one or more times, and charge it to the account of the merchant that gives the letter of credit, and takes bills of exchange or receipt for the same. Story on Bills of Exchange, Sect. 460.

From this definition of a letter of credit, it appears that the money advanced by the factor, agent or correspondent to whom it is directed, is charged to the account of the merchant who gives the letter of credit, and constitutes a debt due on account, and not a debt due on the letter of credit itself. The factor, agent or correspondent to whom a letter of credit is directed, and who furnishes the person named with the amount of money specified, stands in the relation of the drawee of a bill of exchange, to the merchant who gives the letter of credit, and so soon as he advances or furnishes the amount of money specified, the letter of credit, like a bill of exchange paid by the drawee, becomes extinguished, and the right of action lies upon an account for moneys advanced, and not on the letter or order to furnish the money. Story on Bills of Exchange, Sect. 463. From this view of the case it results that the plaintiff's right of action was barred by the lapse of three years, and that the plea of prescription should have been sustained.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed; and it is now ordered, adjudged, and decreed, that there be judgment in favor of the defendant, with costs in both courts.